STATE BANK v. CUMBERLAND SAVINGS AND TRUST COMPANY.

(Filed 22 April, 1915.)

Banks and Banking — Bills and Notes — Forged Signatures — Payment by Drawer—Liability of Cashing Bank.

The indorsement on a draft in course of collection by corresponding banks, "All prior indorsements guaranteed," does not give the drawee bank a cause of action against the cashing bank when the name of the drawer has been forged and draft is paid by the cashing bank in good faith, and thereafter the draft is paid by the drawee bank, for the latter is presumed to know the signatures of its depositors and detect the forgery; therefore the drawee bank may not recover from the cashing bank the amount it has thus paid, upon the allegation that the latter has not acted with reasonable precaution in cashing the draft.

APPEAL by defendant from *Lane, J.,* at November Term, 1914, of SCOT-LAND.

*Russell & Weatherspoon for plaintiff.*
*Walter H. Neal for defendant.*

CLARK, C. J. The complaint alleges that the defendant, a bank in Fay-etteville, cashed a check, purporting to be drawn by the Wade Trading Company on the plaintiff bank in Laurinburg, and purporting to be in-dorsed by D. C. Jackson, but that the signature of the said drawer and said indorser were forged, and that thereafter in the course of business the said forged check was sent through a bank in Wilmington to the plaintiff with the indorsement, "All prior indorsements guaranteed," and that it was the custom and practice to take such checks relying upon the exercise of due prudence and diligence on the part of the bank which first cashed the check, and alleging that the signature of the drawer being forged, the defendant should refund to the plaintiff the amount of said check which the plaintiff had paid by reason of the negligence of the de-fendant bank in failing to use due prudence and diligence in accepting and paying the said check.

The defendant demurred upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The judge overruled the demurrer, and the defendant appealed.

The drawee bank pays a check upon the faith of the genuineness of the signature of the drawer.

"When a drawee pays a check upon which the drawer's signature had been forged, he cannot, upon discovery of the forgery, recover back the amount if the party to whom he paid it was a *bona fide* holder. The drawee is held bound to know the signature of his drawer, and the banker, even more, to know that of his depositor; and if they fail to discover the forgery before payment, they must stand the loss." This is the heading of an extended note to *Bank v. Bank,* 17 Am. St., 890, citing very numer-ous authorities. This rule seems to have been established by *Lord Mans-field* in 1762 in *Price v. Neal,* 3 Burr., 1355, who said that "It was in-cumbent upon the drawee to be satisfied of the genuineness of the drawer's signature before accepting or paying the bill, and that if he made a mis-take it was his neglect or misfortune and not that of the drawer."

In *Bank v. Bank,* 10 Wheaton, 33, decided in 1825, *Mr. Justice Story,* referring to *Price v. Neal, supra,* said: "After some research we have not been able to find a single case in which the general doctrine thus asserted has been shaken or even doubted." A proposition of mercantile law considered beyond question as correct by *Mansfield* and *Story* must be deemed settled unless changed by statute.

In *Bank v. Bank,* (Tenn.) 112 Am. St., 1817, it is held: "It is negligence for a bank to pay a forged check drawn on it in the name of one of its customers whose signature is well known to it, where the cashier does not examine the signature closely, which would have disclosed the forgery, but is thrown off his guard by indorsements on the paper. An indorser of a check does not warrant to the drawee, but only to subsequent holders in due course the genuineness of the signature." This last proposition seems to be now the well settled law, though there were some earlier decisions which would seem to indicate a liability on the part of the indorser who negligently pays a check without fully satisfying itself as to the genuineness of the signature of the drawer. The proposition which now obtains, almost universally, is thus laid down in *Howard v. Bank,* (La.) 26 Am. Reports, 105: "The drawee of a bill is presumed to have better knowledge of the signature of the drawer than the holder, and where a bank cashed a draft and afterwards collected of the drawee, and the draft was a forgery, the drawee cannot recover the amount paid from the bank to which it was paid, though the latter received the draft from an unknown holder without requiring his indorsement."

In *Bank v. Savings Inst.,* 62 Barb., 101, and *Bank v. Boutell,* 27 L. R. A., 635 (*s. c.,* 51 Am. St., 519), it is held: "The holder of. a check or draft presenting it to the drawee for payment owes it no duty to inquire into the genuineness thereof. The drawee bank has no right to assume that the holder has made such investigation. Failure of a bank to follow the usage or practice adopted for its own security of requiring proof of the payee's identity before receiving on deposit the check drawn on another bank does not excuse the drawee bank from its duty to examine its customer's signatures to checks presented by another bank or other holder in due course." See, also, numerous citations 10 L. R. A. (N. S.), 57-59.

The same proposition is fully discussed and held in *Bank v. Bank,* (30 Md.) 96 Am. Dec., 567, and notes, a very carefully considered case. In *Howard v. Bank,* (28 La.) 26 Am. Reports, 105, it is held, as above stated, that the drawee of a bill is presumed to have a better knowledge of the signature of the drawer than the holder.

In Morse Banks (4 Ed.), sec. 463, it is said, quoting many cases: "A bank cannot recover money paid on a forgery of the drawer's name from the person to whom it was paid. The bank is bound to know the signature of the drawer." Morse, *supra,* cites, among other authorities, *Bank v. Bank,* 10 Vt., 141, which was exactly like the present case in that the signature of the drawer was forged, and the drawee bank in action against the cashing bank asked for instructions that if the jury should find that the cashier of the purchasing bank received the check, without due circumspection or the exercise of due diligence in ascertaining its

genuineness, or the title of the person presenting it, the drawee bank was entitled to recover; but the Court held that it was only necessary that the cashing bank should appear to have received the check in ordinary course of business and in good faith.

In 5 Cyc., 541, there is quoted in the notes the following proposition : "A factor who has received drafts from his principal drawn on him, which have been discounted by a bank, and he has paid them, must stand the loss of those which are discovered to be forgeries."

The latest and fullest discussion of the subject will be found in 3 Ruling Case Law, sec. 244, with full citations of the more recent authorities. The law is thus summed up : "Where a bank receives in good faith for collection a check upon another bank, the signature of the drawer of which is forged, and receives payment and pays over the proceeds to its customer, the drawee bank cannot recover from the collecting bank the money so paid to it. In order, however, that the collecting bank may claim protection, it must have been a *bona fide* holder; but the mere fact that the collecting bank receives the check from a stranger does not itself prevent it from claiming protection as a *bona fide* holder."

Where the cashing bank acts in good faith the drawee cannot recover the amount which it has paid on the forged check. The drawee should know the signature of the drawer, its own depositor, better than the holder. The drawee cannot plead a custom that would entitle it to pay such draft without the signature being genuine.

The demurrer should have been sustained.

Reversed.