MARY E. HOLLOWAY v. J. W. BARBEE, VIRGINIA FIRE AND MARINE
INSURANCE COMPANY AND CITIZENS NATIONAL BANK OF DUR-
HAM, NORTH CAROLINA.

(Filed 21 December, 1932.)

**Bills and Notes C a—Bank endorsing draft with guaranty of prior en-
dorsements held not liable for want of authority of prior endorser.**

Where a fire insurance company draws a draft on itself payable to the
insured to cover loss sustained by the insured on a policy of fire insur-
ance, and the insurer stipulates that if the draft is endorsed for the
insured by his agent or attorney that properly certified evidence of
authority must be filed with the insurer, and the draft is delivered by the
insurer's agent to an attorney who endorses the draft and attaches thereto
a certificate of a deputy clerk of the Superior Court that he is the attorney
for the insured, and deposits the draft for collection in a bank which
endorses it with guaranty of all prior endorsements, and the draft is paid
by the insurer after it had examined the endorsements and passed thereon,
and the proceeds remitted to the collecting bank and drawn out by the
attorney by checks without paying any part thereof to the insured, and
it is made to appear as a fact that the attorney was without power to
endorse the draft or receive the proceeds thereof: *Held*, the loss was
sustained by reason of want of authority by the attorney to endorse and
not by want of genuineness in the endorsement, and the bank guaranteeing
prior endorsements and furnishing the insurer in good faith evidence of
the attorney's authority, is not liable to the insurer on its endorsement,
the insurer expressly reserving the right in itself to pass upon the at-
torney's endorsement.

APPEAL by defendant, Virginia Fire and Marine Insurance Company,
from *Midyette, J.*, at January Term, 1932, of DURHAM. Affirmed.

The defendant, J. W. Barbee, is primarily, and his codefendants are
secondarily liable to the plaintiff on the cause of action alleged in the
complaint in this action. Each of said codefendants, however, alleges
in its answer that the other defendant is liable to it for such sum as the
plaintiff may recover in this action of said defendant.

Judgment was rendered by default that the plaintiff recover of the
defendant, J. W. Barbee, the sum of $4,118.50, this sum being double
the amount of damages which the plaintiff is entitled to recover of said
defendant on the cause of action alleged against him. C. S., 202. No
sum has been paid on this judgment. It was admitted by both his co-
defendants that the said J. W. Barbee is insolvent, and that no sum can
be collected by execution on said judgment.

While the action was pending in the Superior Court of Durham
County, and after the judgment by default had been rendered in her
favor and against the defendant, J. W. Barbee, the plaintiff agreed with
the defendants, Virginia Fire and Marine Insurance Company, and

Citizens National Bank of Durham, N. C., that she would accept the sum of $1,500, in full settlement and discharge of the liability of both said defendants to her in this action. It was thereupon agreed by and between said defendants, that the defendant, Citizens National Bank of Durham, N. C., should pay said sum of $1,500 to the plaintiff, in full settlement and discharge of the liability of both said defendants to her, and that such payment by said defendant should be without prejudice to its contention that the defendant, Virginia Fire and Marine Insurance Company was primarily liable to plaintiff for said sum, and that for that reason, the defendant, Citizens National Bank of Durham, N. C., having paid said sum to the plaintiff, was entitled to recover of the defendant, Virginia Fire and Marine Insurance Company, in this action, the sum of $1,500. Both these contentions were denied by the defendant, Virginia Fire and Marine Insurance Company.

At the trial of the issue raised by these opposing contentions, on the facts agreed by the defendants, it was ordered, considered, and adjudged by the court that the defendant, Citizens National Bank of Durham, N. C., recover of the defendant, Virginia Fire and Marine Insurance Company, the sum of $1,500, with interest and costs.

From this judgment, the defendant, Virginia Fire and Marine Insurance Company, appealed to the Supreme Court.

*Fuller, Reade & Fuller for defendant, Virginia Fire and Marine Insurance Company.*

*McLendon & Hedrick for defendant, Citizens National Bank of Durham, N. C.*

CONNOR, J. On 9 March, 1929, the defendant, Virginia Fire and Marine Insurance Company, of Richmond, Va., caused its general manager, J. M. Leake, to draw a draft on said company, for the sum of $2,054.25. This draft was drawn at Richmond, Va., and was payable, at sight, to the order of Mary E. Holloway, administratrix of W. P. Holloway, when presented for payment to the State-Planters Bank and Trust Company, Richmond, Va. On its face there is a recital to the effect that payment of the draft, when properly endorsed, would constitute full satisfaction of all claims and demands for loss and damage by fire which occurred on 12 November, 1928, to property described in policy No. 25338, which was issued by said company through its local agent at Durham, N. C. On the back of the draft, there was a notice in words as follows:

"Notice: If endorsement of draft is made by an attorney or other representative, properly certified evidence of authority must be filed with this company."

The draft was sent by the defendant, Virginia Fire and Marine Insurance Company, by mail, to its local agent at Durham, N. C., with instructions to deliver same to the payee named therein, Mary E. Holloway, administratrix of W. P. Holloway. The local agent of said defendant received the said draft at Durham, N. C., and delivered the same to the defendant, J. W. Barbee, attorney for Mary E. Holloway, administratrix of W. P. Holloway. A few days thereafter, the said J. W. Barbee deposited said draft with the defendant, Citizens National Bank of Durham, N. C., for collection. At the time of said deposit, the draft was endorsed in the handwriting of J. W. Barbee, as follows:

"Mary E. Holloway, administratrix of W. P. Holloway, by J. W. Barbee, Atty."                                        "J. W. Barbee."

Attached to the draft, when same was received by the defendant, Citizens National Bank of Durham, N. C., for collection, was a certificate in words as follows:

"To the Virginia Fire and Marine Insurance Company:
    This is to certify that J. W. Barbee is the acting attorney for Mary E. Holloway, administratrix of W. P. Holloway, deceased.
                                        Annie Bell High, deputy."

Seal of the clerk of the Superior Court of Durham County.

The defendant, Citizens National Bank of Durham, N. C., thereupon endorsed the draft as follows:

"Pay any bank or banker or order, all prior endorsements guaranteed.
11 March, 1929.           Citizens National Bank, Durham, N. C.
                                        D. P. Campbell, cashier."

The defendant, Citizens National Bank of Durham, N. C., forwarded said draft, with endorsements and certificate attached as aforesaid, by mail, to the State-Planters Bank and Trust Company, Richmond, Va., for presentment and payment. Upon its receipt of said draft, with endorsements and certificate attached as aforesaid, the State-Planters Bank and Trust Company, duly presented same to the defendant, Virginia· Fire and Marine Insurance Company, and after said endorsements and certificate had been examined and approved by said company, pursuant to the instruction of said company, charged the amount of said draft to the account of said defendant, and remitted said amount to the defendant, Citizens National Bank of Durham, N. C. The said defendant,

upon its receipt of said amount, credited the defendant, J. W. Barbee, attorney, with said amount, and thereafter paid out the same upon checks drawn on it by the said J. W. Barbee, attorney. No part of said amount was paid by the said defendant, J. W. Barbee, to the plaintiff in this action, either as administratrix of W. P. Holloway, deceased, or individually.

It was admitted at the trial that the defendant, J. W. Barbee, had no authority, express or implied, to endorse the draft in the name of Mary E. Holloway, administratrix of W. P. Holloway, or to receive the proceeds of said draft, as her attorney. It was not denied, however, that the signatures on the back of said draft are in the genuine handwriting of the said J. W. Barbee.

On the foregoing facts agreed, there was no error in the judgment that the defendant, Citizens National Bank of Durham, N. C., recover of the defendant, Virginia Fire and Marine Insurance Company, the sum of $1,500, with interest and costs.

The defendant, Citizens National Bank of Durham, N. C., by its endorsement of the draft, and its guaranty of all prior endorsements, did not assume liability to the defendant, Virginia Fire and Marine Insurance Company, the drawee of the draft, for loss which the said company might sustain by payment of the draft to a subsequent holder, if such loss should be caused by the insufficiency of a prior endorsement to pass title to the draft, or to authorize payment by the drawee to a subsequent holder. In this case, the Virginia Fire and Marine Insurance Company by the notice which it had caused to be printed on the back of the draft before it was issued, had reserved the right to pass upon and determine the sufficiency of an endorsement when it appeared that such endorsement was made by an attorney for the payee, to pass title to the draft, and to authorize its payment when duly presented to the drawee. The defendant, Virginia Fire and Marine Insurance Company exercised this right at its own risk, and not at the risk of the defendant, Citizens National Bank of Durham, N. C. The last named defendant, as required by the notice printed on the back of the draft, in good faith, furnished to the Virginia Fire and Marine Insurance Company, evidence of the authority of J. W. Barbee to endorse the draft as attorney for the payee, and assumed liability for all loss which the drawee might sustain, should the endorsement of J. W. Barbee as attorney be not genuine. The loss sustained by the defendant, Virginia Fire and Marine Insurance Company was caused by the want of authority to endorse, and not by the want of genuineness in the endorsement. The judgment is supported by the decision of this Court in *Bank v. Trust Co.,* 168 N. C., 605, 85 S. E., 5, and is

Affirmed.