(February 19, 1937.)

A. D. REALTY CORPORATION, Respondent, v. FRANCES B. DOELL, as Administratrix, etc., of ANDREW DOELL, Deceased, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Stay continued until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

SAMUEL BERLOWITZ, Administrator, etc., of SARAH BERLOWITZ, Appellant, v. BARNETT D. HOROWITZ, Respondent.— The motions are referred to the court that rendered the decision on the appeal. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ. On appellant's motion for resettlement of the order, the decision of this court handed down on January 22, 1937 [249 App. Div. 842], is hereby amended to read as follows: Order granting reargument and upon reargument adhering to the original decision reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs, to the extent that defendant is directed to pay to the plaintiff administrator the sum of $3,500, less such credit as may be fixed by the surrogate as the amount of the lien that Cohen, had he not defaulted, would have been entitled to for professional services, with interest on the amount as directed to be paid from December 13, 1934, for which sum plaintiff may have judgment. (Rules Civ. Prac. rule 74.) Appeal from order entered August 7, 1936, as resettled by order entered October 1, 1936, and appeal from the latter order, dismissed. The action was instituted by plaintiff as administrator to recover damages for wrongful death. The Surrogate's Court of Kings county made an order authorizing plaintiff to sign a release upon the receipt of $3,500. Subsequently defendant's attorney delivered to plaintiff's attorney a check for $3,500 issued by an insurance company, payable to plaintiff as administrator and Sidney Q. Cohen as attorney, and the latter delivered a general release executed by plaintiff together with a stipulation discontinuing the action. Cohen caused plaintiff's name to be indorsed on the check and appropriated the proceeds to his own use. Plaintiff moved to compel the defendant to pay to him the sum of $3,500 or, in the alternative, to permit him to withdraw, cancel or vacate the general release and stipulation of discontinuance. The learned Special Term denied the motion on the ground that defendant did everything on his part to comply with the order of compromise. This was error. While the defendant, by drawing the check to the order of the attorney as well as the administrator, did so in good faith, he unintentionally assisted the attorney to violate his duty in appropriating the money to his own use, and the responsibility must fall on defendant. (Honadle v. Stafford, 265 N. Y. 354.) The agreement of compromise made by the parties was subject to the approval of the court, and the court retained jurisdiction of the action until the order was complied with and the action discontinued. No order of discontinuance was entered. Therefore, the plaintiff is entitled to relief by motion in the action and is not compelled to resort to an independent action to enforce the agreement or stipulation of settlement. The order dated January 22, 1937, is resettled accordingly. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur. Respondent's motions for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.