Appellate Department, Superior Court, San Francisco

[Civ. A. No. 2243.   Mar. 6, 1953.]

HAROLD HELGESON et al., Respondents, v. FARMERS
INSURANCE EXCHANGE (a Corporation) et al.,
Appellants.

Belcher & Koller for Appellants.

Hoberg & Finger for Respondents.

MOLKENBUHR, J.—In this case, plaintiffs were involved in an accident with one Donald Aker, who was insured by the defendant carrier. Thereafter plaintiffs employed an attorney to represent them. Subsequently an agent of the defendant called upon plaintiffs with reference to their claim, but was told to see their attorney who had been employed to represent them in the impending litigation and who was authorized to enter into negotiations for a settlement of their claims. Thereafter an offer of settlement in the sum of $1,250 was made to settle both claims to the attorney by the defendant; said settlement was approved by plaintiffs. Thereafter defendant delivered to the attorney releases and two checks in settlement of the respective claims, payable in each instance to the claimant and the attorney. Though plaintiffs signed the releases, they never endorsed nor saw the checks, because the attorney forged the names of the claimants on each check and, after placing his own signature on each of the checks, deposited them to his own credit in the bank; the attorney absconded with the proceeds of the two checks. Plaintiffs seek to recover the sum of $1,250; defendant contends that the attorney had authority to endorse the checks by signing his client's name.

Query: Under the circumstances, did the attorney have ostensible authority to write or forge the names of his clients on the checks and deposit them to his personal account? In our opinion he did not. Not having the authority to so endorse, defendant must now pay to plaintiffs the amount of the settlement.

The test, apparently, for ascertaining the question of an agent's authority to endorse a negotiable instrument is this: Can the agent perform the duties of his agency without the exercise of such authority? In our opinion, the attorney in the present case could have performed without his signing the

names of his clients on the checks. ██ Though there are some authorities which appear to hold to the contrary, we are of the opinion that the majority and better rule is that where an attorney is hired to perform the kind of services he was to perform for the plaintiffs here, he was not authorized to endorse the names of his clients on checks payable to the clients and himself, as attorney. (7 C.J.S., p. 928; *Berlowitz* v. *Horowitz,* 250 App.Div. 728 [293 N.Y.S. 450]; *Central Trust Co.* v. *Hahn-Jacobsen Co.,* (Ohio App.) 33 N.E.2d 388; *Holloway* v. *Barbee,* 203 N.C. 713 [166 S.E. 895]; *Crahe* v. *Mercantile Trust & Sav. Bank,* 295 Ill. 375 [129 N.E. 120; 12 A.L.R. 92]; *Rosacker* v. *Commercial State Bank,* 191 Minn. 553 [254 N.W. 824, 94 A.L.R. 551]; *Jennings* v. *Manhattan Co.,* 203 App.Div. 802 [197 N.Y.S. 401].)

██ While the defendant, in drawing the checks to the order of the attorney as well as the claimants did so in good faith, it unintentionally assisted the attorney to violate his duty in appropriating the money to his own use, and the responsibility must fall on the defendant. (*Berlowitz* v. *Horowitz, supra.*)

Judgment is affirmed.

Kaufman, P. J., and Devine, J., concurred.